UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 20-10016-LTS |
| HASSAN ABBAS, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE
(DOC. NO. 76) AND DEFENDANT'S MOTION FOR BILL OF PARTICULARS
AS TO VENUE RELATED FACTS (DOC. NO. 99)

March 1, 2021

SOROKIN, J.

The government has charged Hassan Abbas in a Superseding Indictment alleging wire fraud, aiding and abetting in violation of 18 U.S.C. §§ 1343 (Counts I-II), money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count III), and unlawful monetary transactions in violation of 18 U.S.C. § 1957 (Counts IV-V). Abbas has moved to dismiss the charges asserting a lack of venue in the District of Massachusetts. Abbas has also moved for the Court to order the Government to provide a bill of particulars that avers facts as to each separate Count in the Superseding Indictment which, if proven at trial, would suffice to establish venue for all counts. After careful consideration, the Motion to Dismiss is DENIED and the Motion for Bill of Particulars is DENIED.

## I. BACKGROUND

Abbas is a Belgian and Lebanese national and was a licensed attorney living in Illinois. Doc. No. 66 ¶ 4.[1] The Superseding Indictment alleges that from June 2017 through January 2019, Abbas obtained money from victims through romance scams and business email compromises, in which victims believed they were transferring money to a romantic partner or legitimate business while actually transferring funds to bank accounts controlled by Abbas. Id. ¶ 17. Specifically, the Superseding Indictment alleges the following incidents:

On August 22, 2017, two Massachusetts residents received an email from an individual impersonating their real estate attorney, instructing them to transfer $30,427 from their bank account in Massachusetts to a bank account in Illinois held by Phoenicia Trust Ltd., a corporation owned by Abbas. Id. ¶¶ 5, 24. The residents sent the funds. Id. ¶ 25. This wire transfer forms the basis of Count I charging Wire Fraud. Id. ¶ 52.

On December 12, 2018, a woman in Massachusetts wired $100,000 from Massachusetts to a bank account in California held by Sparta Gijon Inc. ("Sparta"), an entity established by Abbas. Id. ¶¶ 6, 45. The woman believed she was making the transfer to help "James Deere," a romantic partner that she had met on a dating website. Id. ¶ 41. This wire transfer forms the basis of Count II charging Wire Fraud. Id. ¶ 52.

On August 24, 2017, Abbas transferred $7,500 from the Phoenicia Trust Ltd. bank account in Illinois to his personal account at PNC Bank, also in Illinois. Id. ¶ 27. This transfer forms the basis of Count III, the Money Laundering charge. Id. ¶ 54.

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

On December 13, 2018, Abbas wired $82,500 from the Sparta bank account in California to TCL Air Conditioner, Zhongshan Co., a foreign corporation. Id. ¶¶ 47–48. On December 14, 2018, Abbas wired $39,200 from the Sparta bank account to his personal account at TD Bank. Id. ¶ 49. These two wires form the basis of Counts IV and V, the Unlawful Monetary Transactions charges. Id. ¶ 56.

Abbas moved to dismiss the Superseding Indictment for lack of venue in the District of Massachusetts on November 24, 2020. Doc. No. 76. The government opposed the motion, Doc. No. 84, Abbas replied, Doc. No. 89, and the Court heard oral argument on January 13, 2021. Shortly after the hearing, Abbas moved for leave to file a motion for bill of particulars. Doc. No. 93. Ultimately, the Court allowed the motion for leave, and Abbas filed the motion. Doc. No. 99. The government opposed, Doc. No. 100, and Abbas replied, Doc. No. 101. These motions are now ripe for disposition.

## II. MOTION FOR BILL OF PARTICULARS (DOC. NO. 99)

Defendant seeks substantial and specific information about various aspects of the basis for the government's case as it relates to venue. Doc. No. 99 at 8–11. "Motions for bills of particulars are seldom employed in modern federal practice." United States v. Sepulveda, 15 F.3d 1161, 1192–93 (1st Cir. 1993). "[T]hey need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. Here, there is no basis for the bill. The Superseding Indictment adequately apprises Defendant of the nature of the charges against him. Moreover, the ample discovery provided, see Doc. No. 100 at 9–10, and detailed briefing on the motion to dismiss have further explicated the case. Thus, the Motion for Bill of Particulars is denied.

3

## III. MOTION TO DISMISS (DOC. NO. 76)

### A. Legal Standard

The Constitution and Rule 18 require that a person be tried for an offense in the district where that offense was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed. R. Crim. P. 18. [2] The site of the charged offense "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6–7 (1998) (citation omitted) (discussing venue for money laundering offenses). "It is by now well-settled that venue is an essential element of the government's proof at trial." United States v. Snipes, 611 F.3d 855, 865 (11th Cir. 2010). A jury must decide whether venue in a given district is proper. Id. at 866.

A court considering a pretrial motion to dismiss for improper venue must take as true the allegations in the indictment. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996); United States v. Stein, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) ("[A]s long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied."). The Government's burden is satisfied with regard to pleading venue by alleging that criminal conduct occurred within the venue. United States v. Nicolo, 523 F. Supp. 2d 303, 320 (W.D.N.Y. 2007). "If there is a facially sufficient indictment, the Court cannot make venue determinations based on extrinsic evidence in deciding a pre-trial motion." United States v. Lyons, No. 10-cr-10159-PBS, 2011 U.S. Dist. LEXIS 95617, at *3 (D. Mass. Aug. 25, 2011); see United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (pointing out there is no

---

[2] Specifically, Rule 18 requires trial in the "district" in which the offense was committed, while one constitutional provision requires trial in the "district" and "State" of the offense and the other requires trial only in the "State" of the offense. Because the District of Massachusetts encompasses the entire Commonwealth of Massachusetts, the possible significance of this distinction has no bearing on the pending motion.

summary judgment procedure in criminal cases); see also United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (a court "must not inquire into the sufficiency of the evidence underlying the indictment" when determining if dismissal is appropriate). Ultimately, the question presented by a motion seeking dismissal of a lawfully returned indictment "is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012).

### B. Discussion

#### 1. Wire Fraud (Counts I-II)

Abbas challenges venue for the wire fraud counts by claiming that the Superseding Indictment fails to allege that he "had any knowledge whatsoever as to the false pretenses or misrepresentations that were made or transmitted by wire or any other communication by unknown others to the alleged victims in Massachusetts." Doc. No. 77 at 7. Essentially, he argues that venue is improper here because the indictment does not allege that he interacted with the specific Massachusetts-based victims or knew that money would be transferred from Massachusetts. However, the elements of wire fraud are: "(1) the defendant's knowing and willing participation in a scheme or artifice to defraud with the specific intent to defraud, and (2) the use of . . . interstate wire communications in furtherance of the scheme." United States v. Sawyer, 85 F.3d 713, 723 (1st Cir. 1996). The Superseding Indictment alleges Abbas's knowing and willful participation in the scheme. Doc. No. 66 ¶¶ 17–19, 25–27. It also alleges that he "did . . . cause" the two wires forming the basis for Counts I and II and that he did so "in the District of Massachusetts, and elsewhere." Id. ¶ 52. The government need not allege specifically that Abbas had direct or personal communication with Massachusetts victims. See United States v.

5

Tum, 707 F.3d 68, 75 (1st Cir. 2013) ("[T]he core elements of wire fraud are a scheme to defraud involving an interstate communication by wire. Conspicuously missing from this list is any requirement that the schemers know the identity of the fraud victim."). If anything, the issues Abbas raises speak to the nature and quantity of the government's evidence, which is not for the Court to assess at this stage.

"In a wire fraud case, venue is established 'where the wire transmission at issue originated, passed through, or was received, or from which it was orchestrated . . . .'" United States v. Foley, No. CRIM.A. 11-10406-RGS, 2013 U.S. Dist. LEXIS 7666, at *3 (D. Mass. Jan. 18, 2013) (quoting United States v. Pace, 314 F.3d 344, 349 (9th Cir. 2002)), aff'd, 783 F.3d 7 (1st Cir. 2015). The Superseding Indictment alleges that the wire fraud transmissions at issue originated in Massachusetts—they were sent by victims in Massachusetts from bank accounts located in Massachusetts. See Doc. No. 66 ¶¶ 24, 25, 45, 52. Thus, venue properly lies in Massachusetts for Counts I and II of the Superseding Indictment, especially given that Abbas is alleged to have caused the wires.

    **2. Money Laundering (Count III) and Unlawful Monetary Transactions (Counts IV-V)**

Abbas alleges that the money laundering charge (Count III), which is based on a transfer of funds from one Illinois account to another, fails because it has no nexus to Massachusetts. Doc. No. 77 at 8–9. He makes a similar argument for the unlawful monetary transactions charges (Counts IV-V), which are based on transfers from a California bank account to a foreign corporation and to his personal account. Id. at 10. Put another way, Abbas argues that the offenses alleged in Counts III-V were committed in Illinois and California, but not Massachusetts. Fed. R. Crim. P. 18's venue requirements do not apply when "a statute . . .

6

permit[s] otherwise." Title 18 addresses venue for money laundering and unlawful monetary transactions under §§ 1956 and 1957 by providing it lies in

> (A) any district in which the financial or monetary transaction is conducted; or (B) any district where prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted

18 U.S.C. § 1956(i)(1). Because the transactions were conducted outside of Massachusetts (in Illinois and California, respectively), the government contends § 1956(i)(1)(B) authorizes prosecution in this district; it makes no argument that subsection (A) supports venue here. Doc. No. 84 at 6. The "specified unlawful activity" alleged in Counts III-V is (and the parties agree) the wire fraud alleged in Counts I and II. Section 1956(c)(9) provides that "'proceeds' means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." Abbas argues that the Superseding Indictment does not allege he participated in the transfer of "proceeds" from Massachusetts because the funds wired to Illinois and California did not become "proceeds" sufficient to support a money laundering charge until the funds arrived in the bank accounts in those states. Doc. No. 89 at 5–6.

Abbas's argument, at this stage of the proceedings, fails for several reasons. First, the Superseding Indictment alleges conduct within the district sufficient to support venue. It alleges Abbas committed Counts III-V in "the District of Massachusetts, and elsewhere" and it alleges he caused the underlying wire transfers giving rise to the proceeds at issue in Counts III-V. See Doc. No. 66 ¶¶ 52, 54, 56. "Courts have found the language 'In [state] and elsewhere' to be sufficient for purposes of alleging venue." Lyons, 2011 U.S. Dist. LEXIS 95617, at *3 (collecting cases); see also United States v. Razo, No. 1:11-cr-00184-JAW, 2012 U.S. Dist.

LEXIS 165381, at *5, *12–13 (D. Me. Nov. 20, 2012) (finding no facial venue defect where indictment alleged criminal activity took place "in the District of Maine and elsewhere"). The government's allegations in the Superseding Indictment are sufficient under the deferential standard governing motions to dismiss in criminal cases; sufficient to support the subsection (B) basis for venue; and sufficient to permit the possibility of facts supporting the application of subsection (B) other than the transfers alleged in Counts I and II. See, e.g., Stepanets, 879 F.3d at 372 (noting that "the government need not recite all of its evidence in the indictment") (citing United States v. Innamorati, 966 F.3d 456, 477 (1st Cir. 1993)). At this stage, the Superseding Indictment properly alleges venue in Massachusetts for Counts III-V.

      Second, whether the transfers alleged in Counts I and II constituted "proceeds" of wire fraud at the moment the transfers were initiated (such that they do or do not support venue in Massachusetts under subsection (B) for Counts III-V) raises a number of questions not capable of resolution without the factual record established at trial. The caselaw states that the unlawful activity giving rise to proceeds must be distinct from the act constituting money laundering or unlawful monetary transactions. See United States v. LeBlanc, 24 F.3d 340, 346 (1st Cir. 1994) (money laundering is "a separate crime distinct from the underlying offense that generated the money"); United States v. Richard, 234 F.3d 763, 769 (1st Cir. 2000) (noting "[a]s the 10th Circuit explained in [United States v. Johnson, 971 F.2d 562 (10th Cir. 1992)], money laundering criminalizes a transaction in proceeds, not the transaction that creates the proceeds"). On the other hand, examining the definition of proceeds under § 1956(c)(9), at the moment the victim initiated the wire transfer in Massachusetts, the victim may have transformed the funds into "property derived from" or "gross receipts" of the specified unlawful activity, or the defendant may have otherwise "obtained" the funds at that moment. If the funds became

proceeds at that earlier moment, thus satisfying subsection (B) for venue as the government contends, it perhaps poses a constitutional question in this case of whether venue on that basis complies with the commands of Article III and the Sixth Amendment to conduct trial in the "State" in which the offense was committed. This question is not entirely free from doubt. See Cabrales, 524 U.S. at 6–7 (venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it"); United States v. Myers, 854 F.3d 341, 360 (6th Cir. 2017) (Kethledge, J., concurring in part and dissenting in part) (explaining that defendant's trial for money laundering in the Western District of Michigan violated the Constitution because the "financial transactions that constituted the charged money-laundering offenses"—which were the "essential conduct elements" of the criminal act—took place in other states). Neither the statutory nor constitutional questions are presently ripe.

Ultimately, these reasons require denial of the motion to dismiss without prejudice to Defendant renewing the motion on the complete record developed at trial.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Venue (Doc. No. 76) is DENIED, and Defendant's Motion for Bill of Particulars (Doc. No. 99) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge