IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-10016-LTS |
| | ) | |
| HASSAN ABBAS, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CIVIL LITIGATION

The United States respectfully opposes Defendant Hassan Abbas's motion to exclude evidence of certain civil litigation (Dkt. 216).

Abbas was party to various civil suits against KBC Bank N.V. and KBC Group N.V., beginning in or around 2012. *See, e.g., Midamines Sprl, Ltd v. KBC Bank*, 12-cv-8089, 16-cv-09429; *Hassan A. Abbas, Esq. v. Orrick, Herrington Sutcliffe*, 15-cv-1545; *Midamines Sprl Ltd v. KBC Bank N.V. and KBC Group N.V.,* 18-cv-01489*; Hassan Abbas v. Orrick Herrington, Sutcliffe, LLP*, 15-cv-01545. Although the history of Abbas' litigation is extensive, it appears Abbas repeatedly unsuccessfully alleged that KBC Bank and its subsidiary had wrongfully refused to honor two bank checks.

In this litigation, a U.S. District Judge in the Southern District of New York ordered Abbas to pay attorneys' fees of one or more counterparties. *See Midamines Sprl Ltd, et. uno, v. KBC Bank NV*, Dkt 86, attached hereto as <u>Exhibit 1</u>. The Southern District of New York also imposed a filing bar sanction against Abbas in June 2016, enjoining him from filing additional lawsuits against KBC in that district without first obtaining leave of court. *Hassan Abbas v. Orrick Herrington, Sutcliffe, LLP*, 15-cv-01545, Dkt. 43. In filings related to these issues, Abbas made certain statements, discussed herein, that are relevant to this case.

1

Abbas suggests that these statements are relevant *only* to his competency as a lawyer, and are therefore unduly prejudicial. However, the statements have relevance for far more than Abbas's competence. A key part of Abbas's defense in this case appears to be that Abbas was acting as an attorney on behalf of clients. Statements that Abbas made in earlier civil litigation, about the damaging effect of the civil litigation on his business and his reputation, are relevant to the question of whether Abbas actually worked as an attorney and actually had clients in subsequent years. *See Midamines Sprl Ltd, Hassan A. Abbas v. KBC Bank NV*, 12-cv-8089 (RJS), Dkt 89-1, Declaration of Hassan Abbas, attached hereto as Exhibit 2; *see Hassan A. Abbas, Esq. v. Orrick, Herrington Sutcliffe*, 15-cv-1545, Dkt 38-1, attached hereto as Exhibit 3.

Further, statements that Abbas made about the "ruinous" financial consequences of the attorneys' fees that the court in the Southern District of New York imposed are directly relevant to Abbas's motive for subsequently creating additional sham companies, opening bank accounts, and moving fraud proceeds through those companies and accounts. *See* Exhibit 3 (citing a negative net worth of -$175,722.50).

The government does not intend for the civil litigation to become a side show at trial. But to the extent that Abbas attempts to use his law license to shield his unlawful conduct from scrutiny, as he appears poised to do in this case, the government should be permitted to meet these attempts with evidence that his law practice had dissipated and/or was non-existent, and that he was in need of money. If Abbas claims he was receiving and transferring money as an attorney for real clients, it is not at all unfair to Abbas to permit the government to directly rebut that key assumption of his anticipated defense with evidence that Abbas's legal career had faltered by this time, as the evidence from the civil litigation suggests. At the very least, should the defendant put the litigation at issue or if Abbas testifies, the government should be permitted to cross-examine

him about his statements, assuming Abbas claims that he acted as an attorney in connection with the charged conduct.

Accordingly, Abbas's motion to exclude this evidence should be denied.

<div style="margin-left:50%">

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

*/s/ Mackenzie A. Queenin*
MACKENZIE A. QUEENIN
DAVID M. HOLCOMB
Assistant U.S. Attorneys
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

</div>

**Certificate of Service**

I, Mackenzie A. Queenin, certify that this document will be filed via the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: April 26, 2022                                              */s/ Mackenzie A. Queenin*