IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| ) | |
| v.    ) | Criminal No. 20-cr-10016-LTS |
| ) | |
| HASSAN ABBAS,    ) | |
| ) | |
| Defendant.    ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

The defendant's Motion to Compel (the "Motion") is rife with factual inaccuracies and seeks relief it does not need, because the defendant is already in possession of the information he moved to compel the government to provide. And his attempt to belatedly recast the breadth of the information he is seeking acknowledges as much. *See* Dkt 232, 233, at 1 (acknowledging counsel was "reminded…that the taint search done in 2021 included a disclosure of search terms used by the Government and the numerical results of hits for each term" but also stating that the "motion was not directed at the taint search.").

    **A. The Defendant Has the Relevant Computer Search Terms**

As the Court is aware, the government seized a computer from the defendant in March 2019. The government gained access to the computer's contents in or around June 2021. The defendant then asserted that the contents of the computer were privileged, although he did not provide any information concerning his alleged clients.[1] Thereafter, the government and the defendant agreed on a process by which the defense would review the documents that "hit" on various agreed upon terms, log any documents it claimed privilege over, and release the remainder of the documents to the government. The government and the defendant followed that process.

---

[1] The government's use of a filter review process is a prudential measure, not itself an acknowledgment that a privilege exists.

1

Notably, the defendant asserted no privilege over any of the documents that hit upon the government's search terms.

The defendant now states that he seeks the search terms that the government ran on the released portion. Those terms are not *Brady* material. Moreover, the defendant was already provided with an image of the entire computer and the search terms used to create the universe of documents that were reviewed by agents. *United States v. Cadden*, is wholly inapplicable. No. CR 14-10363-RGS, 2015 WL 5737144, at *2–3 (D. Mass. Sept. 30, 2015) ("The search terms are material in the sense that defendants have no other means by which to test the inclusiveness of the government's selection of the material that it produced.").

The government has informed the defense that the FBI Special Agent reviewed each of the documents, and has notes associated with her review.[2] Should the defendant choose to call her as a witness, she can be cross examined on her review of the computer. The defendant should not be permitted to cross examine the witness with questions implying that the government had unfettered access to the contents of the computer. It did not.

Finally, the defendant's allegation that he was "*now* informed by the Government that it believes it found inculpatory evidence on his computer in the form of documents which it will seek to introduce from other sources" implies that the government at one point told the defense something different. Of course, the medium by which the government intends to introduce evidence is up to the government.

---

[2] Again, the defendant's Motion takes liberties with the government's representations. The government indicated there was no formal report documenting the search process, not that there were no notes.

### B. The Defendant's Miscellaneous Allegations

The government next turns to the various allegations set forth in paragraph 7 of the defendant's Motion, which seeks no relief but nonetheless purports to "inform" the Court about various pre-trial matters. First, the contention that the government "informed [defendant's] counsel….that it contests the accuracy of the 302s it has produced in this case" is false, full stop. Dkt 232, at 4. At no point — recently or otherwise — has the government stated, insinuated, or otherwise "informed" the defendant that there is any reason to doubt the accuracy of any of the 302s or that any 302 is otherwise "problematic." *Id.* In so contending, the defendant grossly distorts the government's trial brief, which noted that the defense cannot, absent the witness adopting a 302, use the document to impeach the government's witnesses.[3] Dkt 225, at 10-11.

The defendant has been in possession of the majority of the Jencks material, including 302s, for over two years. To the extent a witness made inconsistent statements to the government, that fact would be reflected in the 302s. The government has satisfied its duty to produce any inconsistent statements by producing the 302s for each witness. The defendant does not cite a single case suggesting otherwise.[4]

The defendant also complains about trial subpoenas. On October 25, 2021, the government asked the defendant's counsel if they would accept service of corporate subpoenas for the various entities Abbas incorporated and for which he is the only officer. The government provided courtesy copies of those subpoenas. Counsel did not respond. Thereafter, two of the corporations were properly served. On April 19, 2022, the government again asked the defendant's counsel to

---

[3] Because there were no oral conversations or email exchanges concerning the contents of the 302s, the government can only infer that the defendant is referencing the government's trial brief.

[4] The government has already informed the defense that if it has authority for its position, it would review and assess it. None was provided.

accept service of the remaining subpoenas directed to some of the corporate entities the defendant formed. Counsel would not accept service. Abbas was served on April 25. The narrowly tailored subpoenas seek (1) engagement letters with Hassan Abbas (2) payments made to Hassan Abbas and (3) communications in the entities' possession concerning the fraudulent transactions set forth in the Second Superseding Indictment. Notably, the defendant has provided nothing of the sort in reciprocal discovery, despite repeated requests for it. He simultaneously claims that he is entitled to an instruction on "privilege." *See* Dkt. 220.

The defendant also contends that he cannot comply with the trial subpoenas because any responsive documents are in the electronic devices already in the government's possession. The defendant has a full image of his computer. But, as set forth above, the government's review of it was markedly narrowed by the defendant's assertion of privilege. Given the filter team process described above, the government would not necessarily have access to such communications, even if they did exist.

Moreover, the government does not have access to the contents of the defendant's two phones, because it has thus far been unable to unencrypt them.[5] The defendant also has access to his law email, which if genuine, purportedly would also contain the communications the government is seeking. If the various entities, as the government expects, have no documents responsive to the government's request, then the entities should so state. And as discussed in the Government's Supplemental Notice, if the defendant did have clients, he would be permitted to reveal information pertaining to them in connection with his defense pursuant to 1.6(b)(5). He has not done so, because they do not exist. Dkt 244.

---

[5] The defendant has never asked to review the phones.

Finally, the defendant takes issue with the fact that he was asked to comply with *Touhy* regulations.  Before the defendant filed his Motion, the government provided the defendant with ample case law supporting its position, and need not go further.  *See* 28 C.F.R. §§ 16.21 et seq. *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994) (citing 28 C.F.R. §§ 16.21 et seq.) (emphasis added) (affirming district court order granting government's motion to quash trial subpoenas to federal agents because defendants failed to follow Touhy regulations); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (Wilkinson, J.) (affirming order granting government's motion to exclude agent's testimony because defendant failed to comply with Touhy regulations, and explaining that "courts have applied Touhy regulations to the testimony of agency employees in federal criminal prosecutions"); *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981) (affirming government's declination to produce FBI employees for testimony where defendants failed to comply with Touhy regulations); *United States v. Allen,* 554 F.2d 398, 406 (10th Cir. 1977) ("We feel that the [Touhy] regulation[s] controlling such disclosures by Department of Justice employees is valid."); *United States v. Moon*, 2020 WL 5517495, at *13 (N.D. Ala. Sept. 14, 2020) ("Department of Justice regulations prohibit [federal agents] from testifying about information acquired during the performance of their official duties without prior approval of the Attorney General of the United States" pursuant to Touhy regulations) (emphasis added); *United States v. White,* 2013 WL 5954384, at *3 (S.D. Fla. Nov. 7, 2013) ("The defendant's failure to comply with the applicable [Touhy] regulation is fatal to his motion [for a subpoena].").

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to compel should be denied without a hearing.

                          Respectfully submitted,

                          RACHAEL S. ROLLINS
                          United States Attorney

                          */s/ Mackenzie A. Queenin*
                          MACKENZIE A. QUEENIN
                          DAVID M. HOLCOMB
                          Assistant U.S. Attorneys
                          District of Massachusetts
                          1 Courthouse Way
                          Boston, Massachusetts 02210

## **Certificate of Service**

     I, Mackenzie Queenin, certify that this document will be filed via the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: <u>April 28, 2022</u>                                                  */s/ Mackenzie A. Queenin*
                                                                            Mackenzie A. Queenin