UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| v. | ) | Criminal No. 20-10016-LTS |
| HASSAN ABBAS. | ) | |

MEMORANDUM AND ORDER ON
MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 435)

October 22, 2026

SOROKIN, J.

Hassan Abbas is presently serving a sentence for his role in an international scheme to defraud people in a variety of ways. The part Abbas played in this scheme leveraged his status as an attorney to essentially launder money received from the victims and ultimately transmit it to his co-conspirators overseas, keeping some of it for himself. Pursuant to the scheme, more than a dozen victims lost a total of more than $3 million dollars, approximately $2 million of which has never been returned. See Doc. No. 419 at 2 (noting that, as of July 2026, less than $1,000 in restitution had been collected from Abbas). When Abbas's sentence concludes, he almost certainly will be removed from the United States. And when that occurs, the likelihood of the victims recovering from Abbas the sizeable balance remaining on this Court's restitution order is vanishingly small.

Nothing in Abbas's submissions to this Court—now, or at any point in the long history of this case—acknowledges the substantial harm Abbas caused to these victims, let alone supplies any reason to believe he will endeavor to repair that harm by making restitution payments from abroad following his deportation. It is against this backdrop that the Court considers the motion presently pending, to which it now turns.

Abbas seeks an order pursuant to 18 U.S.C. § 3582(c)(1)(A) releasing him from custody now, seven months before the anticipated conclusion of his imprisonment, citing an injury he experienced in prison and so that he may return to Lebanon to care for his ailing parents. Doc. No. 435. The Court has reviewed carefully his motion and the supporting documents and concluded no response by the government was necessary. The motion is DENIED for the following reasons.[1]

Abbas's motion requires the Court to determine whether, having "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a)," Abbas has identified "extraordinary and compelling reasons" warranting a reduction in his sentence. § 3582(c)(1)(A)(i). The Court's assessment is guided by the Policy Statement of the Sentencing Commission in § 1B1.13 of the United States Sentencing Guidelines. § 3582(c)(1)(A)(ii). That statement permits a reduction in sentence if three conditions are met: 1) "extraordinary and compelling reasons warrant the reduction"; 2) "the defendant is not a danger to the safety of any other person or to the community"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(1)(A), (2), (3).

The statement goes on to address when certain circumstances amount to "extraordinary and compelling reasons." § 1B1.13(b). Two circumstances are relevant here. First, a defendant's medical condition will provide such reasons if he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover," or if he "is suffering from a medical condition that requires long-term or specialized

[1] Before he filed the pending motion, Abbas wrote to the warden of his facility requesting compassionate release. Doc. No. 435-2. The warden took no action, and sufficient time has elapsed to support a finding that Abbas has exhausted available administrative remedies and may seek release from the Court. 18 U.S.C. § 3582(c)(1)(A).

medical care that is not being provided." § 1B1.13(b)(1)(B), (C). Second, some "family circumstances" can amount to "extraordinary and compelling reasons," including "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." § 1B1.13(b)(3)(C) (citation modified).

In this case, the Court finds Abbas has not shown that his medical condition or his family circumstances—considered alone or in combination—are the sort of extraordinary and compelling reasons that warrant a reduction in his sentence. Abbas suffered a broken ankle in late May of this year, and it was promptly surgically repaired. Doc. No. 435-4. Though some swelling was noted during a July follow-up appointment, Abbas's medical records do not suggest any serious or lingering complications from this injury. Id. Nothing before the Court remotely supports a finding that the broken ankle limits Abbas's ability to care for himself in prison, is an injury from which he will not recover, or is a condition requiring specialized care beyond that which he has received. Abbas concedes as much. Doc. No. 435 at 3–4 (acknowledging "broken ankle in isolation may not be sufficient for the court to find extraordinary and compelling reasons for release").

Nor does Abbas's claim to be "the 'only available caregiver' for his parents" render his circumstances extraordinary and compelling. Doc. No. 435 at 4. The record simply does not support his characterization. The Court does not discount the challenges a person faces as his parents grow old and grapple with the health deterioration that often accompanies aging. Nor does it question the pain it causes aging parents to be separated from their son due to the consequences of his criminal conduct. But more is required to support compassionate release under the legal standards described above. And Abbas has not supplied such support here.

Plainly, his father suffers from health challenges that cause him to require some measure of assistance from his family. Though his mother, who is many years younger than his father, also has required medical care in the past, the record provides little insight into her present condition or her need for assistance. The record also does not establish that Abbas is the only person who can help his father (or his mother, assuming she requires it). Abbas has three sisters. The two declarations he submitted—one from his father, and one from his mother—are dated more than two years ago, in September 2024. Doc. Nos. 435-5, 435-7. They do not say his mother is incapable of caring for his father, nor do they explain in any detail why one or more of his siblings cannot do so. The medical records related to Abbas's father end in 2025, and at least one of them references a daughter living at home and providing care when her father needed it. Doc. No. 435-6 at 8. Even assuming these records could be viewed as establishing "the incapacitation of" one or both of Abbas's parents, they do not support a finding that Abbas "would be the only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C).

Accordingly, Abbas's motion for compassionate release (Doc. No. 435) is DENIED.[2]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

[2] The Court has also considered how it would resolve this request if it had arisen in an initial sentencing, freed from the restrictions of the applicable Guideline and its commentary regarding compassionate release. In that context, with measured consideration of all the factors relevant to sentencing as well as the additional information presented in the post-sentencing record, the Court would reach the same result.